IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JUAN CALDERON, #38672-060                                          PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:10-cv-68-DCB-MTP

STATE OF FLORIDA, BILL MCCOLLUM
AND DAVA J. TUMS                                                   RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner is a inmate incarcerated at the Federal Correctional Complex - Yazoo City, Mississippi and filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on April 19, 2010. The petitioner request that this court remand this case back to the Florida state court and order the state court to order his state sentence to run concurrent with this federal sentence.[1] Pet. [1], p.5. As discussed below, this court lacks the authority to grant the relief requested by the petitioner.

Analysis

The petitioner argues that the state court "abused its discretion when it denied [his] request for writ of habeas corpus ad prosequendum." Pet. [1], p. 4. Therefore, petitioner has filed this request for habeas relief pursuant to 28 U.S.C. § 2241. A request for habeas relief pursuant to § 2241 is appropriate to challenge the execution of a federal sentence. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). Clearly, the allegations of the instant petition do not present a challenge to the execution of petitioner's federal sentence.

Petitioner, in the instant petition, is requesting that this court direct the state court in

---

[1] Petitioner is requesting that the "Circuit Court Eleventh Circuit Miami Dade Co. Florida" provide him the relief that he requests. This court notes that this is the Miami Dade County Circuit Court in Florida which is also referred to the Eleventh Judicial Circuit of Florida.

Florida to rule on his state court case in a particular way, as such, this case will be construed as a petition for writ of mandamus. See Gaines v. Quarterman, 242 Fed. Appx. 195 (5th Cir. 2007)(district court correctly recharacterized petitioner's § 2241 petition as a petition for mandamus because he was requesting that the district court direct the state court in the performance of their duties).

Mandamus relief is available "to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The respondents are not officers or employees of the United States and therefore, are not subject to the mandamus authority of this court pursuant to 28 U.S.C. § 1361. Furthermore, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb County Super. Ct., 474 F.2d 1275-76 (5th Cir. 1973); see also Noble v. Cain, 123 Fed.Appx. 151, 152 (5th Cir. 2005)(mandamus relief is not available to federal courts to direct state officials in the performance of their duties); Rhodes v. Keller, 77 Fed.Appx. 261(5th Cir. 2003)(district court lacked authority to order the state court to act on petitioner's habeas petition); Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997)(writ of mandamus dismissed for lack of authority where petitioner seeks district court review of his state writ on the merits). Therefore, this court does not have authority to direct the respondents to grant the relief petitioner seeks in state court.

## Conclusion

As discussed above, this court does not have the authority to issue a writ of mandamus to grant the relief requested by the petitioner. Accordingly, this habeas petition filed pursuant to 28 U.S.C. § 2241 construed as a petition for writ of mandamus is denied and this case is dismissed.

A final judgment will be entered in accordance with this memorandum opinion.

SO ORDERED this the ____29th____ day of April, 2010.

                                     ___s/ David Bramlette_____
                                     UNITED STATES DISTRICT JUDGE